UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Alejandro Moya Gonzalez,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 1:26-CV-00176-ADA-ML |
| | § | |
| **Charlotte Collins, Warden, T. Don Hutto Detention Center, et al.,** | § | |
| | § | |
| Respondents. | § | |

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Alejandro Moya Gonzalez's ("Petitioner") Petition for Writ of Habeas Corpus under 26 U.S.C. § 2241, filed on January 23, 2026. Dkt. No. 1. On February 6, 2026, this Court ordered the Federal Respondents to show cause as to why the petition should not be granted. Dkt. No. 3. Respondents filed their response on February 11, 2026. Dkt. No. 5. Petitioner replied on February 13, 2026. Dkt. No. 6. Having considered the parties' arguments, the applicable law, and the relevant facts, the Court finds Petitioner's Petition for Writ of Habeas Corpus should be denied.

### I.   BACKGROUND

Petitioner is detained at the T. Don Hutto Detention Center. Dkt. No. 1 ¶ 1, 17. Petitioner is a 43-year-old native and citizen of Mexico who entered the United States on or around June 1999. *Id.* ¶ 1. Petitioner was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") on November 12, 2025, after a routine traffic stop. *Id.* ¶ 2. Mr. Moya Gonzalez brought this petition challenging his ongoing detention and seeks a writ of habeas corpus directing his immediate release.

## II.    DISCUSSION

Petitioner argues that his detention pursuant to 8 U.S.C. § 1225 and the Board of Immigration Appeal's (BIA) decision in *Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025)*, is unlawful. Petitioner argues that he is eligible for discretionary release on bond during removal proceedings because 8 U.S.C. § 1226(a) applies in this case. Respondents argue that Petitioner is properly detained subject to § 1225 and that the Fifth Circuit has recently rejected Petitioner's argument in *Buenrostro-Mendez v. Bondi*, which is binding precedent on this Court. *See* Dkt. No. 5 at 1 (citing No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026)).

The Court finds it is bound by the Fifth Circuit's recent decision in *Buenrostro-Mendez* and that Petitioner is lawfully detained under § 1225 rather than § 1226. The Fifth Circuit found the government's interpretation and application of the relevant statutes is correct. *See Buenrostro-Mendez*, at *1. Therefore, the Fifth Circuit held that the petitioners in *Buenrostro-Mendez* were lawfully detained under § 1225 and denied bond hearings or release. *See id.*

In *Buenrostro-Mendez*, the Fifth Circuit held that the Immigration and Nationality Act's ("INA") mandatory detention provision in § 1225(b)(2) "operates as a catchall provision that applies to all applicants for admission not covered by INA provision governing detention of noncitizens seeking asylum." *Id.* at *2. The *Buenrostro-Mendez* court explained that § 1225(b)(2) "does not include any exception that permits the government to release detained aliens on bond." *Id.* The *Buenrostro-Mendez* court ultimately concluded that the INA's mandatory detention provision applied to "applicants for admission"—which covered the petitioners who had entered the US illegally several decades before being detained and having immigration proceedings commenced. *Id.* This Court follows the Fifth Circuit's interpretation and application of the relevant statutes.

Petitioner also brings several due process claims to argue his detention is unlawful. Petitioner argues his procedural due process rights are violated by a categorical denial of bond hearings to noncitizens in Petitioner's situation. Dkt. No. 1 ¶ 81. Petitioner argues that the relevant statutes should not be construed in a way that authorizes prolonged civil detention with no neutral decision-maker. *Id.* Petitioner also argues his substantive due process rights are violated by this detention. *Id.* ¶¶ 83-87. Petitioner argues that under *Zadvydas v. Davis* and its progeny, the Government may deprive a non-citizen of physical liberty only when the confinement serves a legitimate purpose and is reasonably related to, and not excessive in relation to, that purpose. *Id.* ¶ 86 (citing 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001)). Petitioner argues that categorically deeming detainees ineligible for bond forecloses the required assessment under *Zadvydas*. *Id.*

Respondents argue that Petitioner is receiving due process afforded through removal proceedings in immigration court. Dkt. No. 5 at 10-11. Respondents cite *Department of Homeland Sec. v. Thuraissigiam* to argue the Supreme Court upheld the facial constitutionality of § 1225(b) and found that applicants for admission are entitled only to the protections set forth by statute in the INA. *Id.* (citing 591 U.S. 103, 140 S. Ct. 1959, 207 L. Ed. 2d 427 (2020)). Respondents also argue that *Zadvydas* does not apply here and cite to the Fifth Circuit's recent decision. *Id.* at 11. The Fifth Circuit in *Buenrostro-Mendez* found that *Zadyvdas* "has no direct application to aliens who are detained and being given due process during removal proceedings." *Buenrostro-Mendez*, at *9. Therefore, the Fifth Circuit was not swayed by petitioners' claims of potential abuse of detention pending removal proceedings under § 1225(b)(2)(A). *Id.*

The Court agrees with Respondents and finds that Petitioner's constitutional arguments fail. The Supreme Court recognizes a "longstanding view that the Government may

constitutionally detain deportable aliens during the limited period necessary for their removal proceedings[.]" *Demore v. Kim*, 538 U.S. 510, 526 (2003) 538 U.S. 510, 526, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003). Substantive due process protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.' " *Dep't of State v. Muñoz*, 602 U.S. 899, 910, 144 S.Ct. 1812, 219 L.Ed.2d 507 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997)). The Court is not persuaded that substantive due process requires a bond hearing for Petitioner. Further, the Court agrees with Respondents that procedural due process does not entitle Petitioner to a bond hearing. As an "applicant for admission," Petitioner has "only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140, 140 S.Ct. 1959.

### III.   CONCLUSION

The Court therefore finds that Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) should be **DENIED.**

All other relief sought is hereby denied.

**SIGNED** on February 26, 2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE